IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AARON PACHECO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | C.A. NO.  4:11-cv-3258 |
| | § | (JURY DEMANDED) |
| AMSHER COLLECTION SERVICES, | § | |
| INC., | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE OF SAID COURT:

COMES NOW, AARON PACHECO, (hereinafter referred to as "Mr. Pacheco" or the "Plaintiff"), Plaintiff in the above styled case, and makes this his Plaintiff's Original Complaint against Amsher Collection Services, Inc. (hereinafter referred to as the "Defendant") and for cause of action would show as follows:

I.

## Parties

1. The Plaintiff is an individual residing in Houston, Harris County, Texas.

2. The Defendant, Amsher Collection Services, Inc., is an Alabama corporation doing business in the State of Texas, and may be served by servings its

registered agent, CT Corporation System, at its registered address located at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

## II.

## Jurisdiction and Venue

3. This Court has jurisdiction under 28 U.S.C. § 1331 in that this civil action arises under the laws of the United States, in particular under the provisions of the federal Fair Debt Collection Practices Act codified at 15 U.S.C. §§ 1692, *et seq*. (the "FDCPA"). This Court has ancillary jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

4. This Court has venue under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas, Houston Division.

5. This Court has personal jurisdiction over the Defendant, because it has established minimum contacts in the State of Texas. The Defendant is engaged in collection actions in the State of Texas including telephone calls to Texas residents to collect debts. The debt at issue and the collection calls regarding the debt at issue all arose from conduct in the State of Texas. Thus, there is both general and specific jurisdiction over the Defendant.

## III.

## Background Facts

6. On December 24, 2010, Mr. Pacheco closed his cell phone account with T-Mobile, with the agreement and consent of T-Mobile, and switched to another cellular carrier.

7. In late April or May 2011, Mr. Pacheco received multiple harassing calls from the Defendant's representatives, who asked for his personal information, including his Social Security number and date of birth. In those calls, the Defendant's representatives used abusive language to demand payment of an unexplained $330 charge on his closed T-Mobile account. During one call, a representative threatened to turn Mr. Pacheco over to the Attorney General for prosecution.  Mr. Pacheco was terrified by the threat and terminated the call.

8. The representative then proceeded to call Mr. Pacheco multiple times that same day, demanding payment and in all of those calls used the same abusive language. The Defendant's calls to Mr. Pacheco were made during Mr. Pacheco's work hours.  Mr. Pacheco was frightened that his supervisor would hear him on one of the calls and discipline or terminate him.

9. The Defendant continued calling Mr. Pacheco on a daily basis, telephoning him multiple times each day. On some days, the Defendant made as many as five calls to Mr. Pacheco.

10. Mr. Pacheco suffered anxiety, fear, and embarrassment from the calls. His mental anguish was so severe that he was unable to perform his normal and ordinary work duties for several hours after each phone call, impacting on his work performance. Mr. Pacheco was unable to sleep, felt nauseated, and suffered headaches, elevated blood pressure, and rapid, shallow breathing and heartbeats.

## IV.

## **Causes of Action**

### **A. FDCPA Claims Against CCC**

11. Mr. Pacheco is consumer as that term is defined by 15 U.S.C. § 1692a(3), because he is a natural person who is allegedly obligated to pay a "debt".

12. The Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6). The Defendant uses instrumentalities of interstate commerce and the mail in its business, the principal purpose of which is the collection of debts,

and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13.   The debt that the Defendant was attempting to collect from Mr. Pacheco was a "debt" as that term is defined by 15 U.S.C. § 1692a(5).  It was an obligation that was incurred primarily for personal or household purposes, namely a cell phone account for personal use and enjoyment.

14.    The Defendant violated 15 U.S.C. § 1692c(a)(1) and (3) by telephoning Mr. Pacheco while he was at his place of employment, which the Defendant knew or should have known was an inconvenient place to contact him.   In addition, the Defendant knew or had reason to know that Mr. Pacheco was prohibited from receiving calls of that nature at his place of employment.

15. The Defendant violated 15 U.S.C. § 1692d by engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  Section 1692d of Title 15, states that "without limiting the general application of the foregoing, the following conduct is a violation of this section:  . . .  causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

16. The Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false representation to Mr. Pacheco of the amount and status of the debt.

17. The Defendant violated 15 U.S.C. § 1692e(4) by falsely representating or implying that nonpayment of the debt would result in his arrest or imprisonment. Namely, the Defendant represented to Mr. Pacheco that if he did not pay the debt, the Defendant would refer the matter to the Attorney General for "prosecution." The implication in this representation was that if Mr. Pacheco did not pay the debt he would be arrest and put in jail.

18. The Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that cannot legally be taken, that is referral of a debt to the Attorney General for prosecution.

19. The Defendant violated 15 U.S.C. § 1692e(7) by making the false representation or implication that Mr. Pacheco committed a crime or other conduct to disgrace him. In particular, the Defendant represented to Mr. Pacheco that if he did not pay the debt, the Defendant would refer the matter to the Attorney General for "prosecution." The implication in this representation was that Mr. Pacheco had committed a crime or engaged in some other conduct that he should be disgraced about.

20. The Defendant violated 15 U.S.C. § 1692e(10) by using false and deceptive means to collect or attempt to collect the debt from Mr. Pacheco. In particular, the Defendant's representatives: (1) asked for Mr. Pacheco's personal information, including his Social Security number and date of birth; (2) threatening to turn Mr. Pacheco over to the Attorney General for prosecution; (3) calling Mr. Pacheco multiple times during a day; (4) calling Mr. Pacheco during his work hours knowing it was inconvenient and knowing he was prohibited from receiving calls there.

21. The Defendant violated 15 U.S.C. § 1692g by failing to send Mr. Pacheco, within 5 days after the initial communication, a written notice describing the amount of the debt, the name of the creditor to whom the debt is owed, a statement regarding her right to dispute the debt, and a statement that he may request verification of the debt, in violation of 15 U.S.C. § 1692g.

22. The Defendant's conduct described above was the direct and proximate cause of the actual damages to the Plaintiff, for which he now sues.

23. As a result of the Defendant's violations, the Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a), for which he now sues.

24. The Plaintiff would further show this Court that recovery of the costs of this action, including reasonable attorney's fees and expenses, are authorized, made, and provided for under and according to the provisions of 15 U.S.C. § 1692k(a)(3), and the Plaintiff seeks them in this action.

### B. Texas Finance Code Claims Against both Defendants

25. The Defendant's conduct constitutes violations of the Texas Collection Practices Act, codified in the Texas Finance Code.  The Plaintiff is a consumer as that term is defined by Tex. Fin. Code, § 392.001(1).  The Defendant is a debt collector as that term is defined by Tex. Fin. Code, § 392.001(6).

26. The Defendant's violations of the Texas Collection Practices Act include the following:

   a. Accusing falsely or threatening to accuse falsely Mr. Pacheco of fraud or any other crime, in violation of Tex. Fin. Code, § 392.301(a)(2).
   b. Threatening that Mr. Pacheco would be arrested for nonpayment of the consumer debt without proper Court proceedings, in violation of Tex. Fin. Code, § 392.301(a)(5).
   c. Threatening to file a charge, complaint or criminal action against Mr. Pacheco when he had not violated a criminal law, in violation of Tex. Fin. Code, § 392.301(a)(6).
   d. Threatening to take an action prohibited by law, in violation of Tex. Fin. Code, §392.301(a)(8).
   e. Causing Mr. Pacheco's telephone to ring repeatedly or continuously or making repeated or continuous telephone calls with the intent to harass Mr. Pacheco, in violation of Tex. Fin. Code, §392.302(1) and (4).
   f. Misrepresenting the legal status of the alleged debt in violation of Tex. Fin. Code, § 392.304(a)(8).

8

    g. Using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer in violation of Tex. Fin. Code § 392.304(a)(19).

27. As a direct and proximate result of the acts of the Defendant, the Plaintiff has suffered actual damages above, which he now seeks.

28. The Plaintiff has been forced to hire the attorneys whose names appear below to pursue those claims on his behalf. The Plaintiff seeks an award of his costs of this action, including but not limited to reasonable attorneys' fees and expenses pursuant to Tex. Fin. Code, § 392.403(b).

### C. Violations of the Texas DTPA

29. Under Tex. Fin. Code, § 392.404(a), a violation of Chapter 392 of the Texas Finance Code is a deceptive trade practice under Subchapter E, Chapter 17, Texas Business & Commerce Code, and is actionable under that subchapter. The Defendant committed violations of Chapter 392 of the Texas Finance Code, and thus committed violations of the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code, § 17.50.

30. As a direct and proximate result of the acts of the Defendant, the Plaintiff has suffered actual damages, which he now seeks.

31. The Defendant's conduct was committed knowingly and intentionally, and the court should award additional damages pursuant to Tex. Bus. & Comm. Code, § 17.50(b)(1) and (h).

32. The Plaintiff has been forced to hire the attorneys whose names appear below to pursue those claims on his behalf. The Plaintiff seeks an award of his costs of this action, including but not limited to court costs and reasonable and necessary attorneys' fees and expenses, pursuant to Tex. Bus. & Comm. Code, § 17.50(d).

## V.

### Jury Demand

33. The Plaintiff requests a trial by jury on all issues.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, AARON PACHECO, prays that Defendant, AMSHER COLLECTION SERVICES, INC. be cited to appear and answer, and that upon final trial of this matter, that judgment be entered against the Defendant as follows:

1. Actual damages;

2. Additional and exemplary damages;

3. Statutory damages under 15 U.S.C. § 1692k not to exceed $1,000.00;

4. Costs of the action, including but not limited to reasonable attorney's fees and expenses, pursuant to 15 U.S.C. § 1692k, pursuant to Tex.

Fin. Code, § 392.403(b), and Tex. Bus. & Comm. Code, § 17.50(d);

5. Prejudgment and post-judgment interest at the maximum rate allowed by law;

6. Costs of court, and;

7. Such other and further relief that may be just and proper.

    Respectfully submitted,

    **WAUSON ♦ PROBUS**

    By:\_\_\_/s/ Matthew B. Probus\_\_\_
        **Matthew B. Probus**
        TBA# 16341200
        Fed. I.D. No. 10915

    One Sugar Creek Center Blvd., Suite 880
    Sugar Land, Texas 77478
    (281) 242-0303 telephone
    (281) 242-0306 facsimile

    *ATTORNEYS FOR PLAINTIFF,*
    *AARON PACHECO*